

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2002

# Merrick v. Larkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1595

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Merrick v. Larkins" (2002). *2002 Decisions*. Paper 771.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/771

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 01-1595

_____


JOHN J. MERRICK,

Appellant

v.

DAVID LARKINS, Warden, State Correctional Institute, Dallas;
MICHAEL FISHER, the Attorney General of the Commonwealth of
PA

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 98-cv-01090)
District Judge: Honorable Edwin M. Kosik

_____



Submitted Under Third Circuit LAR 34.1(a)
on September 10, 2002

Before: NYGAARD, ROTH
and WEIS  Circuit Judges



(Opinion filed: November 25, 2002)


_____

## O P I N I O N

ROTH, <u>Circuit Judge</u>:

Petitioner John J. Merrick appeals the denial of a habeas corpus motion brought

pursuant to 28 U.S.C. § 2254 and U.S. Const. Art. I, § 9. Merrick is incarcerated in a state

correctional facility on a life sentence.[1] He filed a habeas corpus petition with the United

States District Court for the Middle District of Pennsylvania in July 1998, well past the

one-year statute of limitations. The District Court dismissed the petition as untimely.

Merrick appealed and we directed counsel to brief the issue of equitable tolling of the

statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). We then remanded the matter to

the District Court. Following a hearing, the District Court denied the request to toll the

statute of limitations. On appeal, Merrick contends that the statutory time period should be

equitably tolled because he is mentally disabled and as a result he was not aware that his

attorney had failed to file a petition for a writ of habeas corpus.

We have appellate jurisdiction over a final order of the District Court pursuant to 28

U.S.C. § 1291. We also have jurisdiction over these habeas corpus proceedings pursuant to

28 U.S.C. § 2253 and 28 U.S.C. § 2241. In reviewing a federal habeas judgment, we

exercise plenary review over the district court's legal conclusions and apply a clearly

---

[1] Only the relevant history of Merrick's habeas corpus petition is detailed herein. He was convicted in 1982 in a jury trial and sentenced in 1983. Following a dismissal of his petition under the Post-Conviction Hearing/Relief Act in 1991, there was no habeas corpus petition filed until July 1998.

2

erroneous standard to its findings of fact. See, e.g., Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). We will affirm the findings of the District Court.

The facts of this case are familiar to the parties and will not be recited herein.

Merrick claims that the District Court erred in denying his request to toll the statute of limitations. The crux of the Merrick's argument is that his former counsel took advantage of his mental disability in failing to file a timely petition and that Merrick was excusably ignorant of the time limitations due to his severe mental impairments in the form of chronic schizophrenia. The District Court found that the state's expert witness, Dr. Timothy J. Michals, was more credible than Merrick's witness. Dr. Michals testified that upon his review of Merrick's treatment history and his personal interview with Merrick, he determined that Merrick was capable of filing a habeas corpus petition because his schizophrenic symptoms were not active during the relevant time periods. Moreover, the District Court also noted that in 1996 Merrick had been able to file a complaint with the disciplinary board that his lawyer had absconded with his funds.

The District Court's findings are evidenced in the record and we decline to find that the Court committed clear error in its decision. We will affirm.

_____

TO THE CLERK:

     Please file the foregoing Opinion.


                By the Court,


                  /s/ Jane R. Roth
              Circuit Judge